## PROSECUTION FOR KEEPING OPEN ON SUNDAY A PLACE WHERE INTOXICATING LIQUORS ARE COMMONLY SOLD.

Circuit Court of Cuyahoga County.

VILLAGE OF EUCLID V. THEODORE BRAMLEY.

Decided, January 26, 1905.

*Municipal Ordinances—Intoxicating Liquors—Municipal Ordinances Not Judicially Noticed—Municipal Ordinance Must Conform to Authority Granted by State Laws.*

1. Courts other than municipal tribunals will not take judicial notice of municipal ordinances.

2. Municipal ordinances can only be passed in conformity with the power granted by the State Legislature, and when the Legislature has conferred authority to pass ordinances regulating the sale of intoxicating liquors as a "beverage" and to "regulate ale, beer and porter houses and shops," courts can not presume the existence of a valid ordinance enacted under those statutes, where the affidavit upon which an arrest and prosecution is based only charges that the accused allowed to remain open on Sunday his place of business where upon other days intoxicating liquors were commonly sold, without charging that they were sold as a "beverage" or that the place was an "ale, beer, or porter house or shop."

WINCH, J.; HALE, J., and MARVIN, J., concur.

Defendant in error was arrested under an affidavit which charged:

"On or about the 12th day of June, A. D. 1904, at the village of Euclid in said county and state, one Theodore Bramley did on the first day of the week, commonly called Sunday, allow to remain open his place where upon other days intoxicating liquors are commonly sold, contrary to the form of the ordinance in such cases made and provided."

The accused was taken before the mayor of the village of Euclid, pleaded guilty, was sentenced to pay a fine of $100 and costs and then moved in arrest of judgment, claiming:

1st. The facts set out in the affidavit do not constitute an offense against the ordinance of the village of Euclid, nor against the statutes of the state of Ohio.

2d. The ordinance upon which said prosecution is predicated is unconstitutional and void.

This motion was overruled, defendant excepted and applied to the common pleas court for leave to file a petition in error in said court, which was granted.

Thereupon said defendant filed his petition in error in the common pleas court, accompanied by a transcript of the docket entries made by the mayor. There was no bill of exceptions showing the ordinance which was necessarily before the mayor for his consideration upon the motion in arrest of judgment.

The common pleas court heard the case on error and reversed it, holding the affidavit insufficient for lack of the negative

averments that the *place* was not a drug store or the accused a druggist, as provided in Section 4364-20c, Revised Statutes.

Thereupon the village of Euclid brought the case here on error, where the first question raised is the jurisdiction of this court to review a judgment of the common pleas court reversing a conviction for violation of a municipal ordinance on proceedings before a magistrate.

We think there can be no doubt of the jurisdiction of this court in such cases. *Village of Shelby* v. *Boenan*, 40 O. S., 253.

Being of opinion that neither this court nor the common pleas court can take judicial notice of municipal ordinances, and there being before the common pleas court no transcript of the ordinance under which the accused was convicted, the next question arising is: Had the common pleas court or had this court a right to presume the existence of a valid ordinance warranting an affidavit and charge that defendant "on the first day of the week, commonly called Sunday, allowed to remain open his place where upon other days intoxicating liquors are commonly sold?"

If the Legislature has delegated to municipal corporations authority to pass an ordinance regulating places "where intoxicating liquors are commonly sold," then we must presume that there was a valid ordinance back of this affidavit. But what. powers in this respect have been delegated to municipal corporations? Section 1536-100, Revised Statutes, among other things provides:

"All municipal corporations shall have the following general powers and council may provide by ordinance or resolution for the exercise and enforcement of the same.   *   *   *

"5.  To regulate, ale, beer, porter houses and shops, and the sale of intoxicating liquors as a beverage, but nothing in this act shall be construed to amend, repeal or in any way affect the provisions of an act entitled, 'An act to amend Section 4364-20 of the Revised Statutes of Ohio, and to supplement said section by enacting supplementary Sections 4364-20a, etc., passed April 3, 1902 (95 O. L., 87)'"

Had the affidavit charged defendant with keeping open on Sunday a place where ale, beer, or porter were commonly sold,

or where intoxicating liquors were sold as a beverage, we might presume there was back of it a valid ordinance making such act punishable. There is no allegation in the affidavit from which can be gathered the conclusion that defendant's place was an ale, beer, or porter house or shop, or that in it he sold intoxicating liquors as a beverage.

So in Section 4364-20, Revised Statutes, it is provided:

"And any municipal corporation shall have full power to regulate the selling, furnishing or giving away of intoxicating liquors as a beverage, and places where intoxicating liquors are. sold, furnished or given away as a 'beverage,' except as provided for in Section 4364-20 of this act."

Section 4364-20c refers to the *selling* of intoxicating liquors at retail by a regular druggist.

Any ordinance passed under authority of Section 4364-20, must designate the place as one where intoxicating liquors are sold *as a beverage.* It follows that an affidavit which does not charge the place as one in which intoxicating liquors were sold *as a beverage,* can not be presumed to have back of it an ordinance passed under authority of the statute last cited.

Being of opinion that the village of Euclid had no power to make it an offense to keep open on Sunday a place in which intoxicating liquors are commonly sold on other days, it follows that the common pleas court was right in reversing the judgment of the mayor's court.

To entertain any presumption in favor of the existence of a valid ordinance defining an offense and providing penalty therefor, has been criticized as, in a sense, a departure from the rule frequently announced by this court that it will not take judicial notice of municipal ordinances. But it is not, in fact, any exception to said rule, where error is alleged by one convicted before the mayor or magistrate. Being plaintiff in error, he must file a bill of exceptions setting forth the ordinance, so that it may come before the reviewing court. His own neglect to bring the ordinance into the record does not entitle him to a reversal; rather the judgment should be affirmed because no error is shown.

But when in such case the plaintiff in error from the mayor's court calls attention to the state law, shows that the state law gives no authority to the municipality to pass any ordinance making it an offense to do what is charged in the affidavit, we have·considered the case with reference to the statutes and decided accordingly, as we did in the case of *Lewis* v. *Collinwood*. Lewis was charged with having a gambling device in his possession, and we held that we would not presume an ordinance making a mere possession of a gambling device an offense, the statute only authorizing an ordinance to prevent gambling.

Ordinances inconsistent with the laws of the state are void. *City of Canton* v. *Nist,* 9 O. S., 439.

An ordinance making it an offense to do what is charged in this affidavit would be inconsistent with the laws of the state. As to the reasons given by the common pleas court for reversing the conviction, we express no opinion. The decision of that case is found in 51 Bull., 155.

Judgment affirmed.